## THE RIDINGS AT WHITPAIN HOMEOWNERS ASSOCIATION, Appellant

v.

## David J. SCHILLER and Suzann L. Schiller.

**The Ridings at Whitpain Homeowners Association,**

v.

**David J. Schiller and Suzann L. Schiller, Appellants (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 2002.

Decided Dec. 4, 2002.

Hal A. Barrow, Warminster, for appellant.

Gary S. Auerbach, North Wales, for appellees.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Judge PELLEGRINI.

The Ridings at Whitpain Homeowners Association (Association) and David J. Schiller and Suzann L. Schiller (Schillers) both appeal from the decisions of the

Court of Common Pleas of Montgomery County (trial court) which ordered the Schillers to remove their property line fence and reposition the shed on their property, as well as to pay a portion of the Association's attorney's fees and costs.

The Ridings at Whitpain is a planned single-family community developed pursuant to a Declaration of Covenants, Conditions and Restrictions (Declaration) and subject to a homeowners association. The Declaration provides in pertinent part that:

> No Owner shall alter in any way any of the Common Areas or erect any addition or structure to his Dwelling such as awnings or patios or to the Lot such as shed or fences without the prior written approval of the Board of Directors and compliance with all applicable provisions of this Declaration, the By–Laws and any rules and regulations promulgated by the Board of Directors. Declaration, Article XIII, Section 13.01(s).

In January 2000, the Schillers wrote to the Association requesting permission to build a patio and a shed. Approval was given for the patio, but the request for the shed was denied without prejudice due to concerns about the impact on the neighbors, and the Board requested additional information on the location and appearance of the proposed shed. Without providing additional information and without receiving permission, the Schillers built the shed sometime in March 2000.

In April 2000, the Schillers requested that they be permitted to erect a five-foot fence around the property, which they later amended to be a two-sided six-foot fence separating the shed from the adjoin-

ing property. The initial request had been approved, but permission was refused for the revised fence because of its height and proximity to the neighbor's property. In August 2000, the Schillers erected a fence different from either proposed fence, which was six feet high and 50 feet in length, with the unfinished side facing the neighbor's property along the property line with their neighbor's driveway.

On May 9, 2000, the Association brought an action against the Schillers to enforce the terms of the Declaration regarding the shed they had constructed which was amended in August 2000 to include a claim about the fence. The Schillers counterclaimed, alleging that the Association had acted in bad faith.[1] A bench trial was held on September 6, 2001, and the trial court allowed the testimony of one witness, the President of the Board of the Homeowners Association, which was offered by the Association. The trial court found in favor of the Association and ordered the Schillers to remove their property line fence and to reposition their shed so the doors would face away from their neighbor. There was no award of attorney's fees.

■ The Association filed a motion for post trial relief, and the trial court revised its decision to require that the Schillers pay the Association $3,000 in attorney's fees and costs. After a motion for reconsideration, the amount of reimbursement was increased to $15,500, which represented approximately 57% of the fees and expenses incurred by the Association. In response to a petition for contempt, the trial court also issued an order reiterating the requirement that the Schillers remove the fence. The Schillers and the Association now appeal.[2]

---

1. The Schillers also separately brought claims against four of the five Board members individually for defamation and other torts. Pre-

liminary objections to the complaint were granted and the case was dismissed.

2. When reviewing the decision of a trial court in a non-jury trial, we must determine wheth-

## I.

■ In their appeal, the Schillers contend that they were denied their due process rights to be heard, to present evidence and to cross-examine adverse witnesses due to the fact that the trial court allowed the testimony of only one witness. What the Schillers ignore, however, is that after the trial court stated that it did not find it necessary to hear further testimony and after rendering its decision, it also stated:

> *The Court:* As counsel knows, this equity action tracks the Rules of Civil Procedure as they relate to a normal civil trial. So that, if anyone is unhappy with this decision, counsel knows the appropriate motions to file. If no motions are filed, this order will become final. All right. Anything else, counsel?
>
> *[Association Counsel]:* Not at this time, Your Honor.
>
> *[Schiller Counsel]:* No, Your Honor.
>
> *The Court:* Thank you.
>
> *[Association Counsel]:* Your Honor, may we request that what you just said be transcribed and we get at least that portion of it so we have it—
>
> *The Court:* Absolutely.
>
> *[Association Counsel]:*—as opposed to the entry of a formal written order?
>
> *The Court:* Yes. I'm going to do that as well.

> *[Association Counsel]:* Then, I don't need the transcript if you're going to put it in a formal written order.
>
> *The Court:* You know what it is, but it will talk [sic] me a day or so to get it out. I won't get it out until next week, but I'll do it when I return to chambers just along the same basis.
>
> *[Schiller Counsel]:* I would imagine Your Honor would date it from the date of your order as set—
>
> *The Court:* It would date from today, actually, because the rules allow me to either set forth the order on the record or do it in written form. I'm doing it in written form just to memorialize it, but in terms of time frame, do it—
>
> *[Association Counsel]:* Ten days from today?
>
> *The Court:* Yes. Okay. Thank you.

(Reproduced Record at 122a–123a.)

■ The Schillers were thus made aware of their obligations if they objected to the trial court's decision, but still failed to file any post-trial motions within ten days after the Association filed its post-trial motions as mandated by Pa. R.C.P. No. 227.1(c).[3] Because they did not object to the trial court's actions in post-trial motions, those issues are not preserved on appeal.[4] *Lane Enterprises, Inc. v. L.B. Foster Co.,* 551 Pa. 306, 710 A.2d 54 (1998).

---

er the findings of the trial court are supported by competent evidence and whether the trial court committed an error of law. *Centennial Station Condominium Association v. Schaefer Company Builders, Inc.,* 800 A.2d 379 (Pa. Cmwlth.2002).

**3.** Pa. R.C.P. No. 227.1(c)(1) provides:

> (c) Post-trial motions shall be filed within ten days after
>
> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

> (2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.
>
> If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

**4.** The Schillers did file a statement pursuant to Pa. R.A.P.1925(b) and allege that this statement preserves their issues for appeal. However, waiver due to failure to file post-trial motions will not be remedied by listing those issues in a Rule 1925(b) statement. *Diamond*

■ Notwithstanding that the trial court expressly told the Schillers that they could file post-trial motions and they did not, the Schillers also contend that the trial court failed to comply with Pa. R.C.P. No. 1517(a) by entering a final decree rather than an adjudication. The Schillers claim that this irregularity excused their failure to file any post-trial motions. The main issue with this contention is the confusing relationship between Pa. R.C.P. Nos. 1517 and 227.1.[5] While Rule 1517 requires the filing of an adjudication, including a decree *nisi,* the judge here titled his September 6, 2001 order "Decree" which the Schillers purportedly interpreted as being a final order, thus abrogating their ability to file post-trial motions consistent with Pa. R.C.P. No. 227.1. However, the Association rightly points out that if the Schillers had been confused as to whether they should have filed post-trial motions after the entry of the trial court's order, they should have filed an appeal from this presumed final order which they did not do. Also, as noted above, the trial judge specifically informed the parties that if they disagreed with his decision, they should file the appropriate motions consistent with the Rules of Civil Procedure.[6]

## II.

In its appeal, the Association contends that the trial court erred in only awarding a portion of the legal expenses it incurred in bringing its action against the Schillers to enforce the provisions of the Declaration. With regard to legal expenses, the Declaration provides:

*Costs and Attorney's Fees:* In any proceeding arising because of an alleged failure of an Owner to comply with the terms of this Declaration, the By-Laws and any rules and regulations adopted pursuant thereto, as they may be

---

5. *Reo Truck Co. v. Mid–Pacific Industries, Inc.,* 806 A.2d 423 (Pa.Super.2002).

Pa. R.C.P. No. 1517 provides:

(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.

Pa. R.C.P. No. 227.1 provides in pertinent part:

(a) After trial and upon the written Motion for Post Trial Relief filed by any party, the court may

(1) order a new trial as to all or any of the issues; or

(2) direct the entry of judgment in favor of any party; or

(3) remove a nonsuit; or

(4) affirm, modify or change the decision or decree nisi, or

(5) enter any other appropriate order.

(b) Post-trial relief may not be granted unless the grounds therefore,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

6. In *Chalkey v. Roush,* 569 Pa. 462, 805 A.2d 491 (2002), our Supreme Court cleared up the interplay between these two provisions by requiring that post-trial motions always be filed to preserve issues for appeal, but only applied its holding prospectively. While *Chalkey* specifically provides that the rule requiring parties to file post-trial motions from a trial court's order to properly preserve issues for appeal will only be applied prospectively, the Schillers were specifically advised to file the appropriate motions but did not do so and did not appeal the trial court's order, making *Chalkey's* prospective application inapplicable to this case.

amended from time to time, the *prevailing party* shall be entitled to recover the costs of the proceeding and reasonable attorneys' fees; provided, however, that no costs or attorneys' fees may be recovered against the Board of Directors in any action unless the court shall first expressly find that the Board of Directors acted in bad faith.

Declaration, Article XV, Section 15.01(c)(ii). (Emphasis added.)

The central issue here is that the trial court considered the Association to be the prevailing party only as to a portion of its case:

> In the case at bar, the Plaintiff "prevailed" or "succeeded" in that some of the relief requested was granted. That is, the fence was ordered to be removed and the shed was ordered to be turned. However, the main thrust of the Plaintiff's complaint was a request for an order that the shed be removed from the front portion of the property. In this respect, they were not successful and did not prevail.

(Trial court opinion dated March 28, 2002.) Because the Association only "prevailed" as to a portion of its claim and because a review of the difficulty and novelty of the case revealed that the "issues were simplistic," the trial court concluded that an award of $15,500 in litigation expenses was reasonable under the circumstances.

Citing to *Wrenfield Homeowners Association, Inc. v. DeYoung*, 410 Pa.Super. 621, 600 A.2d 960 (1991), where our Superior Court upheld an award of counsel fees based on evaluation of the nature of the services rendered, the time necessarily involved, and the reasonableness of the fees in light of the usual fees in that area, the Association contends that the trial court should have calculated the fees in the same manner in this case. Ignoring that the trial court did indeed make such reductions in the hourly rate based on what it considered the nature of the services rendered and reduced the amount of time as being unnecessary, reliance on *Wrenfield* is misplaced for two reasons.

▮▮▮ First, that reliance ignores that that case upheld the trial court's order as not being an abuse of discretion and "Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making a fee award." *Thunberg v. Strause*, 545 Pa. 607, 682 A.2d 295 (1996). Second, the issue of whether counsel fees should not be awarded on claims that the Association did not prevail on was not involved. In this case, the trial court held that just because the Association prevailed on some claims did not necessarily entitle it to all counsel fees it expended. Both because the trial court conducted a thorough review, including a detailed worksheet on litigation expenses, and because the Association only prevailed as to a portion of its claim, the trial court did not abuse its discretion in deciding that $15,500 was a reasonable amount to reimburse the Association for litigation expenses.

Accordingly, because the trial court appropriately determined the amount the Association should be reimbursed for litigation expenses and because the Schillers failed to file post-trial motions thus waiving their issues on appeal, the decisions of the trial court are affirmed.

### ORDER

AND NOW, this 4th day of December, 2002, the decisions of the trial court at No. 00–08093, dated September 6, 2001, March 28, 2002, April 1, 2002, and May 23, 2002 are affirmed.