**TOWNSHIP OF SOUTH WHITEHALL**

v.

**John P. KAROLY, Jr., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 2005.

Decided Jan. 27, 2006.

John P. Karoly, Jr., Allentown, for appellant.

Donald E. Wieand, Jr., for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

John P. Karoly, Jr. (Karoly) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) that granted the Township of South Whitehall's (Township) Petition for Counsel Fees and Costs in the amount of $28,493.21.

Karoly and his wife (The Karoly's) own a commercial property in the Township. The property contains an office building which Karoly utilizes for his law practice. Without regard for the Township's Zoning Ordinance, Building Code, or Subdivision and Land Management Plan, The Karoly's erected a shed next to the office building. The Karoly's failed to secure zoning approval, a building permit, or submit a land development plan. The commercial zoning district in which the property is located does not permit accessory uses. The Karoly's also placed a dumpster next to his building which was unscreened from view as required by the Township's Solid Waste Management Ordinance.

On November 28, 2001, the Township mailed enforcement notices to The Karoly's by first class and certified mail and notified them of violations of various Township Ordinances and advised them of the need to correct them or to appeal to the appropriate municipal body.

Karoly failed to correct the violations and failed to appeal. The Township then filed six criminal, non-traffic citations against Karoly and four criminal, non-traffic citations against Mrs. Karoly. After a hearing before a district justice Karoly was found guilty of violating the Township Ordinances. The district justice found Mrs. Karoly not guilty. Karoly appealed to the criminal division of the trial court. The Township filed a motion to strike the criminal appeal and/or transfer it to the civil division. The parties stipulated to the transfer.[1] The Township subsequently filed a complaint in the civil division alleging four violations of Township Ordinances with regard to the shed and the unscreened dumpster.

---

1. As part of the stipulation the Township agreed not to appeal the decision of the district justice as to Mrs. Karoly.

Karoly agreed to remove the dumpster, and the Township agreed to withdraw that count. By order dated, August 9, 2004, the count involving the Township's Solid Waste Management Ordinance was "Denied and Dismissed as moot, provided that [Karoly] removes the offending dumpster within thirty (30) days from the date of this Order." Opinion of the Trial Court, August 9, 2004 (Opinion 08/09/04), at 2; Reproduced Record (R.R.) at 140a. In the same August 9, 2004 order, after hearing testimony, the trial court found in favor of the Township with regard to the zoning enforcement count and the building code enforcement count and found against the Township and in favor of Karoly with regard to the subdivision and land development count. No appeal was taken by either party.

On August 25, 2004, the Township filed a Petition for Counsel Fees and Costs under Section 617.2 of the Municipalities Planning Code (Code)[2], 53 P.S. § 10617.2[3], and Section 12.9(b)(1), of the South Whitehall Township Zoning Ordinance (Ordinance)[4]. By order dated April 11, 2005, the trial court granted the Township's petition and awarded the sum of $28,493.21 for reimbursement of attorney's fees and costs. Opinion of the Trial Court, April 11, 2005 (Opinion 04/11/05), R.R. at 243a. Karoly filed an appeal to this Court on May 12, 2005, seeking to appeal not only the award of attorney's fees and costs but also the trial court order of August 9, 2004. The Township's motion to quash was ignored by Karoly. This Court granted the Township's motion and quashed Karoly's appeal of the trial court order of August 9, 2004, as untimely, and denied the Township's motion to quash Karoly's appeal of the trial court order of April 11, 2005, which awarded attorney's fees and costs.

On appeal, Karoly raises the following issues: 1) that Section 617.2 of the Code, 53 P.S. 10617.2, and § 12.9(b) of the Ordinance are unconstitutional because they deny equal protection of the law and fail to provide due process; 2) that the trial court erred and abused its discretion when it awarded attorney's fees and costs to the Township because Karoly was the prevailing party; 3) that the trial court erred because it awarded attorney's fees and costs from the date of the enforcement notice than from the date the matter was transferred to the civil division; and 4) that the award of attorney's fees and costs was unreasonable and improperly awarded because Karoly was not liable for all the violations charged in the civil enforcement proceedings.

## I. Constitutionality

Karoly argues section 617.2 of the Code, 53 P.S. § 10617.2, and Section 12.9(b)(1) of

**2.** Section 617.2 of the Code, 53 P.S. § 10617.2, provides in pertinent part:

Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof.

**3.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202. Section 617.2 of

the Municipal Planning Code was added the Act of December 21, 1988, P.L. 1329.

**4.** Section 12.9(b)(1) of the Ordinance provides in pertinent part:

Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of this ordinance shall, upon being found liable therefor in a civil enforcement proceeding commenced by the Township, before a district justice, pay a judgment of not more than five hundred dollars ($500.00) plus all court costs, including reasonable attorney fees incurred by the Township as a result thereof.

the Ordinance, which authorize the recovery of attorney's fees and costs by a municipality, but not a prevailing citizen, in a zoning enforcement action are unconstitutional. Karoly contends that enforcement of section 617.2 of the Code, 53 P.S. § 10617.2, and Section 12.9(b)(1) of the Ordinance denied him due process and equal protection, as guaranteed by the Fourteenth Amendment of the United States Constitution and under Article 1, Section 8, and Article III, Section 32 of the Pennsylvania Constitution.

Karoly argues that the attorney's fees and costs provisions bar "free access to the Courts" by imposing costs and fees only upon the losing citizen and not upon the municipality in zoning enforcement proceedings. Karoly contends that a fundamental right is at issue, specifically, equal access to the Courts, and thus an equal protection analysis requires the statutory provisions be strictly construed in light of a compelling governmental purpose. This Court disagrees.

The trial court properly stated that a statute enacted by the Legislature is presumed valid and will not be declared unconstitutional unless it "clearly, palpably and plainly violates the Constitution." *Harrisburg School District v. Zogby*, 574 Pa. 121, 828 A.2d 1079 (2003) (*quoting Purple Orchid, Inc. v. Pennsylvania State Police*, 572 Pa. 171, 178, 813 A.2d 801, 805 (2002)). "Absent an invidious discrimination against a suspect class or the burdening of a fundamental right ... a legislative classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest." *United States Steel Corp. v. Workmen's Compensation Appeal Board (Mehalovich)*, 72 Pa.Cmwlth. 481, 457 A.2d 155 (1983).

Here, neither a suspect class nor a fundamental right is affected, and therefore, the rational basis test is the proper standard against which to measure section 617.2 of the Code, 53 P.S. § 10617.2, and Section 12.9(b)(1) of the Ordinance. The rational basis test involves a two-prong inquiry: 1) whether there exists any legitimate state interest and 2) whether the statute is reasonably related to promoting a legitimate state interest. (citations omitted) *Paz v. Pennsylvania Housing Finance Agency, Homeowners Emergency Mortgage Assistance Program*, 722 A.2d 762 (Pa.Cmwlth.1999).

This Court, in *Borough of Bradford Woods v. Platts*, 799 A.2d 984, 991 (Pa. Cmwlth.2002), stated that enforcement of a zoning ordinance is to ensure that the health, safety, morals, and general welfare of the community are protected. This is clearly a legitimate state interest and the first prong of the rational basis test is met.

As to the second prong of the rational basis test, Section 617.2 of the Code, 53 P.S. § 10617.2, and Section 12.9(b)(1) of the Ordinance, which authorize municipal attorney's fees and costs in an enforcement proceeding, are designed to promote the early resolution of zoning violations, which is obviously a legitimate state interest. Attorney's fees and costs will be awarded to a municipality only after the alleged violator fails to cure the violation or fails to appeal to the appropriate municipal body. Therefore, the provisions act to promote a legitimate state interest when it initiates an enforcement proceeding to ensure compliance with a zoning ordinance so that the public is protected. Karoly has failed to establish that the statutory classifications fail to further any legitimate state interest. This Court finds a rational basis exists for the classifications and the statutory provisions pass constitutional muster.

## II. Prevailing Party

Next, Karoly contends that the trial court erred and abused its discretion

when it awarded attorney's fees and costs to the Township because he was a prevailing party in the enforcement proceedings.[5] This argument is simply without merit. Karoly was found guilty of four of the six criminal, non-traffic citations against him. Karoly appealed the convictions to the criminal division of the common pleas court. The Township filed a motion to strike the criminal appeal and/or transfer it to the civil division. The parties stipulated to the transfer.

The Township subsequently filed a complaint in the civil division alleging four violations of Township Ordinances. The Township prevailed on the zoning ordinance count and the building code count; agreed to withdraw its enforcement count of the solid waste management ordinance if Karoly removed the dumpster from his property; and was without success on only the subdivision and land development count. The Township was successful on three of the four counts. Opinion 08/09/04 at 1–2; R.R. at 139a–140a. Therefore, Karoly was not the prevailing party.

### III. Award of Attorney's Fees

Third, Karoly argues that the trial court erred because it awarded attorney's fees and costs from the date of the enforcement notice rather than from the date of the civil enforcement proceedings. This issue was addressed in *Borough of Bradford Woods v. Platts,* and this Court concluded that "an enforcement proceeding is initiated as soon as an enforcement notice is sent to the property owner." *Borough of Bradford Woods,* 799 A.2d at 991. This Court further concluded that an award of

attorney's fees and costs is proper commencing with the enforcement notice. *Id.*

Moreover, the trial court properly rejected Karoly's argument that attorney's fees and costs should not be allowed because the enforcement actions were initiated before the district justice as criminal complaints. The trial court relied on *City of Easton v. Marra*[6], 230 Pa.Super. 352, 326 A.2d 637 (1974), and concluded that this controversy, at all times, involved civil enforcement proceedings despite the fact that the matters before the district justice were mistakenly initiated by criminal complaints.

### IV. Reasonableness of Attorney Fee Award and Award for Unsuccessful Count

■ Finally, Karoly contends that the charges for attorney's fees were unreasonable and were improperly awarded because he was not found liable for all the violations charged in the civil enforcement proceedings. In assessing the reasonableness of attorney's fees and costs it is necessary to look at the amount of work performed, the character of services rendered, the difficulty of the problems involved, and the professional skill and standing of the attorney in the profession. *In re Trust Estate of LaRocca,* 431 Pa. 542, 246 A.2d 337 (1968). The Pennsylvania Supreme Court in *In re Trust Estate of LaRocca* further stated:

The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance.

---

5. Appellate review of a trial court's order which awards attorney's fees to a litigant is limited solely to a determination of whether the trial court palpably abused its discretion when it made the fee award. *Thunberg v. Strause,* 545 Pa. 607, 682 A.2d 295 (1996).

6. In the *Marra* case, the Superior Court concluded that "the action is civil despite the captioning of the case in the name of the Commonwealth; despite the designation of the offense as a misdemeanor; and despite the institution of an action by warrant." *Id.* at 638, 326 A.2d 637.

Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error. The allowance or disallowance of counsel fees rests generally in the judgment of the court of the first instance and its decision will not be interfered with except for palpable error. *In re Trust Estate of LaRocca,* 431 Pa. at 548–549, 246 A.2d at 340.

Here, the trial court noted that Karoly did not object to the hourly rates charged by the Township's attorney, and credited the affidavit testimony of the Township's attorney regarding the hourly rates charged during the litigation as reasonable for municipal legal services in the geographical area, and that the rates were lower than the hourly rates charged to other clients. Opinion 04/11/05 at 7; R.R. at 250a.

■ Because there is no Pennsylvania case law interpreting burdens when awarding attorney's fees and costs, this Court has looked to the federal courts for guidance on how they handle statutory fee provisions. The United States Supreme Court has concluded that where the petitioner does not challenge the accuracy and reasonableness of the hours charged, or the facts asserted in the affidavits submitted by counsel there is a waiver. *Blum v. Stenson,* 465 U.S. 886, 892, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Similarly here, Karoly presented no evidence by way of affidavit or otherwise to challenge the accuracy and reasonableness of the hours charged. This Court concludes that Karoly waived his right to challenge the reasonableness of the fees charged.

As to the award of attorney's fees and costs on the unsuccessful count, Karoly relies on *The Ridings at Whitpain Homeowners Association v. Schiller,* 811 A.2d 1111 (Pa.Cmwlth.2002), for the proposition that attorney fee awards should be reduced for an unsuccessful complaint. To the contrary, *The Ridings at Whitpain Homeowners Association* did not require a reduction in an attorney fee award for an unsuccessful complaint, but simply concluded that a trial court was justified in reducing the award if the record supported such a decision.[7] *Id.*

Here, the trial court concluded that a reduction in the attorney fee and costs award was not justified because Karoly did

---

**7.** At oral argument Karoly raised for the first time the case of *Neal v. Bavarian Motors, Inc.,* 882 A.2d 1022 (Pa.Super.2005), which was not cited in his brief. As a result, the Township filed a request to submit a supplemental brief. This Court granted the Township's request in a per curiam order dated January 9, 2006. The *Neal* case is readily distinguishable from the present controversy. In *Neal,* the plaintiff filed six causes of action, only the cause of action under the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201–9.2(a), Act of December 17, 1968, *as amended,* 73 P.S. §§ 201–207, authorized the award of attorney's fees. The Superior Court concluded that because the statute only authorized an award of attorney's fees for the UTPCPL cause of action the amount of the award should not include fees expended by plaintiff on the non-UTPCPL actions. In reliance on *Neal,* Karoly argues that attorney's fees and costs should be limited to the zoning enforcement count, and not be awarded for the other enforcement counts, specifically, under the Township's building code, subdivision and land development ordinance and the solid waste management ordinance. This Court disagrees. First, Karoly waived his right to challenge the Township's fee petition; and second, because this controversy does not involve a claim for damages between parties, but involves a simple municipal enforcement action where the claims were interrelated and based on the same core facts and legal theories.

not present any evidence by way of affidavit or otherwise to justify segregating the hours charged for the successful versus unsuccessful counts. Karoly argues that it was not his burden. Again, because there is no Pennsylvania case law, this Court finds it instructive to look to the federal courts for guidance.

Federal case law assessing attorney fee awards under 42 U.S.C § 1988 are helpful. In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the United States Supreme Court held:

> "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440, 103 S.Ct. 1933.

Once the prevailing party has established the relatedness of the claims it is the opposing party's "burden to establish a basis for segregating the hours spent on the successful and unsuccessful claims." *Okot v. Conicelli*, 180 F.Supp.2d 238 (2002).

■ This Court finds the reasoning in *Hensley* and *Okot* persuasive and adapts it to the present controversy. The Township maintains that the enforcement actions commenced against Karoly and his wife arose from a common core of facts involving related legal theories making it difficult to segregate the time spent on each count and billed the litigation as a whole. Because the counts were tried in a single proceeding this Court agrees with the trial court that it was Karoly's burden to establish a basis for segregating the hours spent on the successful and unsuccessful counts. The trial court aptly noted in its opinion that Karoly chose not to do so. Opinion 04/11/05 at 6; R.R. 249a. As such, this Court concludes that Karoly waived his right to challenge the fee awarded for the unsuccessful, but interrelated count, and the attorney's fees and costs.

Accordingly, this Court affirms the order of the trial court.

Judge COHN JUBELIRER did not participate in the decision in this case.

### ORDER

AND NOW, this 27th day of January, 2006, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.