Commonwealth of Pennsylvania      :
                                  :
              v.                  :
                                  :
Zufrieden Acres Family,           :      No. 853 C.D. 2017
              Appellant           :      Argued: December 4, 2017


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: December 27, 2017


Zufrieden Acres Family (Zufrieden) appeals from the Adams County Common Pleas Court's (trial court) July 20, 2016 order awarding Hamilton Township (Township) attorney's fees. The issue before this Court is whether the trial court abused its discretion by awarding the Township $4,000.00 in attorney's fees. After review, we affirm.

On July 27, 2015, the Township notified Zufrieden that it was in violation (Notice) of the Township's stormwater management ordinance (Ordinance), and it had until August 10, 2015 to correct the violation and obtain the Township's approval. Zufrieden received the Notice and contacted the Township, but continued to violate the Ordinance and did not exercise its right to appeal from the Notice to the zoning hearing board. On February 25, 2016, the Township issued a non-traffic citation, criminally charging Zufrieden for its Ordinance violation. On May 3, 2016, a summary trial was held before a Magisterial District Justice (MDJ) who found Zufrieden guilty of the Ordinance violation since Zufrieden failed to challenge the

Notice (*i.e.*, did not exhaust its administrative remedies). On June 2, 2016, Zufrieden appealed from the MDJ's decision to the trial court.

On June 30, 2016, the special prosecutor for the Commonwealth/ Township counsel Ronald T. Tomasko (Tomasko) filed a motion in limine in which he argued that since Zufrieden failed to appeal from the Notice, Zufrieden waived its substantive defenses and, thus, the only issues before the trial court were the amount of Zufrieden's fines, and the Township's costs and attorney's fees. The trial court heard argument on July 11, 2016, and the parties briefed the attorney's fee issue. On July 20, 2016, the trial court ordered Zufrieden to pay a fine and costs to the Township, plus $4,000.00 in attorney's fees to Tomasko. On August 8, 2016, Zufrieden filed this appeal.[1]

Zufrieden argues that the trial court erred by awarding the Township attorney's fees. Zufrieden specifically asserts that such fees may not be assessed in criminal proceedings and/or in the absence of evidence regarding the actual amount of fees incurred or the reasonableness thereof.

Section 617.2(a) of the Pennsylvania Municipalities Planning Code (MPC)[2] provides, in relevant part:

> **Any . . . partnership**[3] **. . . which has violated . . . the provisions of any zoning ordinance** enacted under this [MPC] . . . **shall**, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, **pay**

---

[1] This appeal was originally filed with the Superior Court. The Superior Court transferred it to this Court on June 26, 2017.
"'Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making a fee award.' *Thunberg v. Strause*, . . . 682 A.2d 295, 299 ([Pa.] 1996)." *Ligonier Twp. v. Nied*, 161 A.3d 1039, 1048 (Pa. Cmwlth. 2017).

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 62 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2(a).

[3] Zufrieden is a limited partnership. *See* Certified Record, Notes of Testimony, July 11, 2016 (N.T.) at 3.

> a judgment of not more than $500[.00] plus all court costs, including **reasonable attorney['s] fees incurred by a municipality as a result thereof**. . . . All judgments, costs and reasonable attorney['s] fees collected for the violation of zoning ordinances shall be paid over to the municipality whose ordinance has been violated.

53 P.S. § 10617.2(a)[4] (emphasis added). Here, because Zufrieden did not appeal from the Notice,[5] and "[t]he issue of the Ordinance violation has been resolved between the parties[,]" Zufrieden Br. at 4 n.1, we need only determine whether the trial court "palpably abused its discretion" by awarding Tomasko $4,000.00 in attorney's fees under the circumstances presented herein. *Ligonier Twp. v. Nied*, 161 A.3d 1039, 1048 (Pa. Cmwlth. 2017).

Section 617.2(a) of the MPC makes clear that municipalities are entitled to attorney's fees when a zoning violation has occurred. Zufrieden's claims notwithstanding, there is no requirement that attorney's fees must be demanded by civil complaint, or that the request be made before a hearing is held.[6] Moreover,

---

[4] Tomasko represented to the trial court that Section 117-43(a) of the Township's ordinance mirrors Section 617.2(a) of the MPC. *See* N.T. at 30-32; *see also* Commonwealth Br. at 6. Section 117-43(a) of the Township's ordinance was not included in the record furnished to this Court.

[5] This Court has explained:

> [Z]oning hearing boards have exclusive jurisdiction over ordinance violation determinations, and, therefore, a landowner's failure to appeal a . . . zoning violation notice to the zoning hearing board is fatal and results in a conclusive determination of guilt for which a district justice may impose sanctions under Section 617.2 of the MPC.

*Twp. of Penn v. Seymour*, 708 A.2d 861, 864 (Pa. Cmwlth. 1998) (quoting *City of Erie v. Freitus*, 681 A.2d 840, 842 (Pa. Cmwlth. 1996)). Accordingly, Zufrieden's failure to appeal from the Notice "precluded any inquiry into [whether the violation occurred[.]" *Id.* at 865.

[6] Zufrieden relies upon *Lower Mount Bethel Township v. North River Company, LLC*, 41 A.3d 156 (Pa. Cmwlth. 2012), to support its position that, absent the filing of a complaint, the Township could not recover attorney's fees under Section 617.2(a) of the MPC. However, despite that the municipality filed a civil complaint with the MDJ to obtain fines and attorney's fees pursuant to Section 617.2(a) of the MPC for the violation and also filed a civil complaint with the trial court when ordered to do so on appeal, there is no requirement either in Section 617.2(a) of the MPC or *Lower Mount Bethel Township* that a civil complaint must be filed in order to obtain

although Section 617.2(a) of the MPC specifies that trial courts shall award attorney's fees in *civil* enforcement proceedings, in *Township of South Whitehall v. Karoly*, 891 A.2d 780 (Pa. Cmwlth. 2006), this Court ruled that

> the trial court properly rejected Karoly's argument that attorney's fees and costs should not be allowed because the enforcement actions were initiated before the district justice as criminal complaints. The trial court relied on *City of Easton v. Marra*, . . . 326 A.2d 637 ([Pa. Super.] 1974), and concluded that this controversy, at all times, involved civil enforcement proceedings despite the fact that the matters before the district justice were mistakenly initiated by criminal complaints.

*Twp. of S. Whitehall*, 891 A.2d at 784 (footnote omitted).[7] Accordingly, regardless of whether the Township filed a civil or criminal action in response to Zufrieden's violation, the proceeding never lost its civil nature, and the Township was entitled to reasonable attorney's fees in accordance with Section 617.2(a) of the MPC.

> Whether an award of attorney['s] fees is reasonable depends upon 'the amount of work performed, the character of services rendered, the difficulty of the problems involved, and the professional skill and standing of the attorney in the profession.' *T*[*wp.*] *of S*[.] *Whitehall* . . . , 891 A.2d [at] 784 . . . . The trial court has discretion to decide the reasonableness of an award of attorney['s] fees, and an appellate court should not alter the trial court's decision absent a clear abuse of discretion. *Borough of Bradford Woods* [*v. Platts*], 799 A.2d [984,] 991 [(Pa. Cmwlth. 2002)].

*Lower Mount Bethel Twp. v. Gacki*, 150 A.3d 575, 581 (Pa. Cmwlth. 2016).

At the July 11, 2016 hearing before the trial court, Tomasko stated:

---

attorney's fees pursuant to Section 617.2(a) of the MPC. *See Twp. of S. Whitehall v. Karoly*, 891 A.2d 780 (Pa. Cmwlth. 2006).

[7] The fact that the action in *Township of South Whitehall* was ultimately transferred to civil court does not change the applicability of the principle to this case.

> [O]ur position is that [the penalty for Zufrieden's violation] should be a $500[.00] fine, [$]2,500[.00] for the May [3, 2016] hearing before the [MDJ] to include costs and attorney's fees[,] and another [$]2,500[.00] in costs and attorney's fees for today [(*i.e.*, the July 11, 2016 trial court hearing)]. We believe that the total fine, costs, and fees should be $5,000[.00]. We think that's very reasonable considering the amount of time that the Township has had to expend to appear at two separate hearings regarding this rather straightforward violation.

Certified Record, Notes of Testimony, July 11, 2016 (N.T.) at 30. Zufrieden's counsel responded:

> I strongly disagree with the imposition of attorney's fees. . . . [Zufrieden] has pursued this in good faith the entire time.[8] . . . [T]he imposition of attorney's fees at this point is . . . punitive against somebody who is simply trying to defend his rights and trying to live his life in his homestead the way he wants to do it.

N.T. at 31. At the hearing, Zufrieden did not object that Tomasko's fees were not admitted into evidence, nor did Zufrieden argue that the fees were unreasonable. Zufrieden argued for the first time in his brief to the trial court that the reasonableness of the fees cannot be determined without "evidence of [the Township] having incurred attorney's fees, the amount of such fees or the reasonableness of such fees." Reproduced Record (R.R.) at 20a.

> The trial court concluded:

> In this matter, [Tomasko] handled the summary trial before [the MDJ] on May 3, 2016, prepared and filed a [m]otion in [l]imine with this [trial c]ourt on June 30, 2016, handled the appeal from [the] summary hearing on July 11, 2016 before this [trial c]ourt, filed a five[-]page brief on July 15, 2016 and filed a seven[-]page brief on July 18, 2016. This [trial c]ourt is aware of the amount of time it would take to

---

[8] Zufrieden responded as if the fees were being assessed pursuant to Section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9) (authorizing counsel fees for arbitrary, vexatious or bad faith conduct), rather than Section 617.2(a) of the MPC (authorizing counsel fees for zoning violations).

reasonably prepare for the summary trial, the appeal from summary trial and prepare the motion in limine and the two briefs. This [trial c]ourt is also aware of the reasonable hourly rate an attorney in central Pennsylvania would charge for [] specialized service dealing with zoning issues. Given all of these factors, this [trial c]ourt determined that $4,000.00 in attorney's fees was reasonable, and therefore awarded this figure. It should be noted that [Tomasko] requested $5,000.00 in attorney's fees and this [trial c]ourt felt $4,000.00 was reasonable. *See T*[*wp.*] *of S*[.] *Whitehall* . . . ; *Lower Mount Bethel T*[*wp.*] . . . .

R.R. at 41a.

An abuse of discretion 'occurs not merely when the [lower tribunal] reaches a decision contrary to the decision that the appellate court would have reached. Rather, an abuse of discretion occurs 'when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.''

*B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (quoting *Payne v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007) (citations omitted)).

Normally, an attorney's representations are not evidence. However, "'[a]n attorney's obligation to the court is one that is unique and must be discharged with candor and with great care. The court and all parties before the court rely upon representations made by counsel.'" *Great Valley Sch. Dist. v. Zoning Hearing Bd. of E. Whiteland Twp.,* 863 A.2d 74, 79 (Pa. Cmwlth. 2004) (quoting *LaSalle Nat'l Bank v. First Connecticut Holding Grp., L.L.C. XXIII*, 287 F.3d 279, 293 (3d Cir. 2002)). Thus, this Court has ruled "an attorney's word is his or her bond." *Great Valley Sch. Dist.*, 863 A.2d at 79. Under such circumstances, Tomasko's statement to the trial court that $5,000.00 would cover the costs and his fees to represent the Township in

6

this matter should be entitled to some weight.[9]  Moreover, Tomasko's specific pronouncement regarding his fees at the July 11, 2016 hearing was made at a time and place where Zufrieden was free to challenge them, but chose not to do so.  This Court has declared that "where [a] petitioner does not challenge the accuracy and reasonableness of the hours charged, . . . there is a waiver."  *Twp. of S. Whitehall*, 891 A.2d at 785.

Here, Tomasko informed the trial court of his fees, and the trial court independently and specifically analyzed whether $4,000.00 was a reasonable expenditure for his work, the trial court's judgment was not manifestly unreasonable, the trial court did not misapply the law, and there was no record evidence that the trial court's determination was the result of partiality, prejudice, bias or ill will.  *B.B.* Accordingly, the trial court did not abuse its discretion by awarding $4,000.00 in attorney's fees to the Township.

Based on the foregoing, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] Notably, even if the trial court had received a detailed worksheet of Tomasko's hours and expenses, the trial court was free to award only a portion of them.  *See Twp. of S. Whitehall*; *see also The Ridings at Whitpain Homeowners Ass'n v. Schiller*, 811 A.2d 1111 (Pa. Cmwlth. 2002).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
          v.    :
    :
Zufrieden Acres Family,    :    No. 853 C.D. 2017
            Appellant    :

## O R D E R

AND NOW, this 27th day of December, 2017, the Adams County Common Pleas Court's July 20, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge