**MOUNTAIN VIEW CONDOMINIUM ASSOCIATION**

v.

**Maria P. BOMERSBACH, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 20, 1999.

Decided July 13, 1999.

Reargument Denied Aug. 24, 1999.

Kevin William Gibson, Media, for appellant.

Holly L. Setzler, West Chester, for appellee.

Before DOYLE, J., SMITH, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Court of Common Pleas of Chester County (trial court) erred in calculating the reasonable attorney fees to which the Mountain View Condominium Association (Association) is entitled to recover from Maria Bomersbach (Appellant). Because it did not, the decision of the trial court is affirmed.

The relevant facts are as follows. In 1988, Appellant, who owns a condominium at Mountain View, stopped paying her monthly assessment to the Association due to a dispute with the Association. Pursuant to the "Declaration of Condominium of Mountain View" (Declaration), all condominium owners are required to pay a monthly assessment to the Association to help pay for such things as landscaping and security.

Section 14.7 of the Declaration provides that the Association is entitled to recover all reasonable attorney fees incurred in collecting delinquent assessments from a condominium owner.[1] Such authority to collect attorney fees is also provided in Section 3315 of the Uniform Condominium Act (Act), 68 Pa.C.S. § 3315.[2]

When Appellant's delinquency reached $1,200.00, the Association sued to collect this past due assessment. Appellant subsequently agreed to pay the $1,200.00, but refused to pay the Association's attorney fees, which then totaled $500.00. The Association declined to accept Appellant's offer of $1,200.00, instead choosing to enforce its right to collect the full $500.00 in attorney fees which it incurred. Appellant then raised her offer to $1,400.00, but the Association again declined because it did not fully provide for its $500 in attorney fees. In November 1990, Appellant paid her delinquent assessment in full, which at that time had risen to $3,831.49. Appellant still refused, however, to pay the Association's attorney fees, which had grown to $3,135.93. Approximately ten years later, the Association's attorney fees now stand at $46,548.64.

This case is now before us on appeal for a second time. The first time we adjudicated this case, Judge McGinley, in a memorandum opinion, *Mountain View Condominium Owners' Association v. Bomersbach,* 697 A.2d 619 (Pa.Cmwlth. 1997), reversed a trial court order that found that the Association was only entitled to recover attorney fees incurred on or before March 3, 1989. Judge McGinley held that the Association is entitled to *all* reasonable attorney fees incurred in this case, up to and including the present time, and remanded the case to the trial court for the specific and limited purpose of determining the reasonableness of the legal fees incurred by the Association.

On remand, the Association presented the expert testimony of attorney Robert Lentz, who reviewed the legal bills paid by the Association to its attorney. The bills listed the rates and actual time expended by the Association's attorney, which Mr. Lentz compared to the attorney's actual work product. Mr. Lentz opined that the bills were fair and reasonable and that the legal services provided to the Association were necessary.

Appellant, conversely, provided the expert testimony of attorney Reginald Krasney. Mr. Krasney opined that the Association's $46,548.64 legal bill was not reasonable because the Association should

---

1. Section 14.7 of the Declaration specifically states, in relevant part, as follows: "... The delinquent Unit owner shall be obligated to pay (a) all expenses of the Executive Board, including reasonable attorneys' fees incurred in the collection of the delinquent assessment by legal proceedings or otherwise...."

2. "(f) Costs and attorney's fees. – A judgment or decree in any action or suit brought under this section shall include costs and reasonable attorney's fees for the prevailing party."

have employed a "collection attorney," who may have agreed to collect Appellant's delinquent assessment on a contingent fee basis. According to Mr. Krasney, if the Association had employed a collection attorney, then its legal bills would have been only a fraction of what they finally totaled in this case.

The trial court accepted as credible the testimony of the Association's witness, Mr. Lentz, that the legal fees incurred by the Association were reasonable. The trial court rejected the opinion of Mr. Krasney that the Association had an obligation to employ a collection attorney in lieu of its own real estate attorney. Said the trial court:

> Defense counsel argued that the Association should have elected to use a "collection attorney" as opposed to a real estate attorney to collect the delinquent attorney's fees. Defendant's counsel further argued that a "collection attorney" would have taken the matter on a contingent fee basis and that legal fees would have been significantly less. The docket entries belie this argument and reveal a defendant who engaged in trench warfare. A simple complaint [by the Association] was greeted by a veritable pleadings onslaught which I imagine would have rendered any competent "collection attorney" shell-shocked. However, the issue before me is not whether the Association should have

used a different attorney, rather it is whether the fees charged by the attorney it did use were fair and reasonable.

The trial court, as noted, accepted as credible the testimony of Mr. Lentz and held that the Association reasonably incurred $46,548.64 in attorney fees. The trial court thus ordered Appellant to pay this amount to the Association, with interest and costs. Appellant again appeals to this Court.[3]

On appeal,[4] Appellant argues that $46,548.64 is an unreasonable fee, and that the Association should have mitigated its damages by accepting Appellant's compromise offer. Appellant also argues that the Association is not entitled to collect attorney fees expended in collecting attorney fees. We disagree on both points.

As noted, Appellant first argues that $46,548.64 is an unreasonable fee. Appellant urges that, because the original delinquent assessment was only $1,200.00 and the original attorney fees were only $500.00, no reasonable entity would expend such a large sum of money to collect such a small debt. Appellant's argument intuitively makes sense and, in fact, Appellant has cited a federal court case that so holds.[5] However, we reject this reasoning on the facts of this case. As noted above, the trial court found that the Appellant has, for over ten years, engaged in legal "trench warfare" and subjected the Associ-

---

3. During the oral argument of this appeal, counsel for Appellant, Kevin William Gibson, Esq., insinuated that his client received an adverse decision before the Court of Common Pleas because the trial judge, President Judge Thomas G. Gavin, was biased against him. When pressed to explain this remark and when asked directly if that was his accusation, Mr. Gibson stated that it was, that Judge Gavin was biased and, because of that, his client was unable to receive a fair and impartial hearing. However, he admitted that at no time during the litigation did he request Judge Gavin to recuse and nowhere did Appellant raise this as an issue in this appeal. We conclude, therefore, that Mr. Gibson's remarks were inappropriate, ill-advised, and reprehensible.

4. Our review is limited to determining whether the trial court violated constitutional rights, abused its discretion, or committed an error of law. *Mann v. City of Philadelphia*, 128 Pa.Cmwlth. 499, 563 A.2d 1284 (1989), *appeal denied*, 525 Pa. 622, 577 A.2d 892 (1990).

5. Appellant has cited no Pennsylvania case law for this proposition, and we are likewise unaware of any. Furthermore, we express *no opinion* herein as to whether it is reasonable, *as a general proposition*, for an entity to expend a greater amount in attorney fees than the amount of money it is attempting to collect, and our holding is thus limited to the specific facts of this case.

ation to a "pleadings onslaught" that would render even a competent attorney "shell-shocked." Furthermore, the Association's right to collect attorney fees is crystal clear and unequivocally established in Section 14.7 of the Declaration and Section 3315 of the Act, and we thus reject Appellant's plea that the Association was bound to accept something less than the full sum to which it was entitled. Again we quote from the well-reasoned opinion of the trial court:

> [S]ince the initiation of the suit, the Association's conduct was essentially defensive. By that I mean a rather simple case for collection of fees was met by a counterclaim [by Appellant] seeking to join the individual directors of the Association as additional defendants, which claim took on a life of its own. A fair review of the docket entries in this matter evidences the trench warfare philosophy of the [Appellant]. The Association had the option of either backing off or enforcing it rights under the Declaration and the decisional law. The fact that it elected not to compromise, to stand on principal and to uphold the law requires that its attorney's fees be covered. Any holding to the contrary would cause chaos in Condominium Associations whose compliant members would have to bear the cost of dealing with non-compliant members. [Appellant] had numerous opportunities to re-evaluate her position and put an end to the litigation. On December 12, 1991 the error of her position should have been manifestly clear by virtue of the award of arbitrators in favor of the [Association] and against her. Regrettably, six pages of docket entries followed the award of arbitrators. Again, a fair reading of the docket entries reveals [in Appellant] a litigant who simply will not quit. The Association had no choice, in this writer's view, but to pursue its legally correct position. It has done so and is entitled to be reimbursed for the expenses of doing so.

■ Appellant next points out that, because she paid her entire delinquent assessment of $3,831.49 in November 1990, the majority of the Association's legal bill of $46,548.64 was most likely spent in attempting to collect the attorney fees which Appellant refused to pay. Appellant then argues that the Association is not entitled to collect attorney fees expended in attempting to collect attorney fees. Unfortunately for Appellant, this issue was already addressed and decided, against Appellant and in favor of the Association, in the July 15, 1997 memorandum opinion by Judge McGinley. Accordingly, it is the "law of the case" and cannot be disturbed by this Court absent a compelling change of circumstances, of which there are none. *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326 (1995); *Human Relations Commission v. School District of Philadelphia,* 161 Pa.Cmwlth. 658, 638 A.2d 304 (1994).

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 13 th day of July, 1999, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.

SMITH, Judge, dissenting.

I respectfully dissent from the majority decision to affirm the order of the Court of Common Pleas of Chester County awarding $46,548.64 for attorney fees incurred by Mountain View Condominium Association (Appellee) to collect a $500 attorney fee it charged Maria P. Bomersbach (Appellant) to recover her delinquent association assessments. Appellant apparently placed in escrow in 1989 all assessments due pending an accounting from Appellee to justify its increase in the Association's monthly assessment. It is totally unreasonable, and perhaps unconscionable, to allow $46,548.64 in attorney fees in this case when the record leaves absolutely no doubt that Appellee shares responsibility

with Appellant for the continuation of this litigation now in its tenth year.

On remand of this matter, the trial court (Judge Gavin) commented that the docket entries reveal a defendant (Appellant) engaged in "trench warfare" and that the "veritable pleadings onslaught" would have left any competent collection lawyer shell-shocked. The apparent frustration of the trial judge is understandable; however, the docket entries and case history cannot erase the fact that both parties bear responsibility for the "trench warfare" in this case and that the attorney fees awarded do not bear a reasonable relation to the result obtained or to the loss suffered by Appellee.

Appellee originally appealed to this Court from the August 1995 decision of another judge of the Court of Common Pleas (Judge Melody) who granted partial summary judgment to Appellant in the January 1989 lawsuit filed against her by Appellee to recover the delinquent assessments. The trial judge refused to allow attorney fees incurred by Appellee after March 3, 1989 because the fees after that date were unconscionable and unreasonable; however, Appellee was entitled to reasonable attorney fees incurred before March 3, 1989, the date on which Appellant tendered a check to Appellee, which it rejected, to settle the outstanding past-due assessments plus interest. This Court affirmed the trial court by opinion and order filed in April 1997 but allowed Appellee to litigate the reasonableness of fees incurred before November 29, 1980, when Appellee ultimately accepted Appellant's payment of all outstanding assessments and late fees. However, upon reconsideration at the request of Appellee, the Court withdrew its April 1997 opinion and order and issued a new decision in July 1997 reversing Judge Melody and remanding the case to the trial court to litigate the "reasonableness" of the attorney fees incurred by Appellee in this action. The Supreme Court denied allocatur. On remand the trial court (Judge Gavin) awarded Appellee its full demand of $46,548.64.

While not authority, the federal district court decision in *Hilferty v. Chevrolet Motors*, 1996 WL 287276 (E.D.Pa.), *aff'd without opinion*, 116 F.3d 468 (3d Cir.1997), cited by Appellant, is persuasive. In that case the plaintiffs sought to recover their attorney fees in connection with the entry of judgment in their favor, valued at $4,070. The applicable statutory standard governing the recovery of the plaintiff's attorney fees was one of "reasonableness." The court stated that no reasonable person would pay $12,750 in attorney fees to recover a $4,070 claim in a case alleging violations, *inter alia*, of Pennsylvania's Automobile Lemon Law, Act of March 28, 1984, P.L. 150, 73 P.S. §§ 1951–1963, and that there must be some rational relationship between the amount of loss suffered and attorney fees incurred in attempting to recover the loss. The court awarded far less than the plaintiffs sought in attorney fees.

The U.S. Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), might offer further guidance in this situation. The Court vacated an attorney fees award and remanded the case for the district court to award fees allowable by federal statute in accordance with specifically stated standards. It noted that the extent of a party's success is the most critical factor in determining a proper award for attorney fees and that an award should be reasonable in relation to the result obtained by the prevailing party. Other factors, among many, to consider in determining the reasonableness of attorney fees include time and labor required to perform the task, novelty and difficulty of the question presented and whether the attorney fee is fixed or contingent. *Id.* See also *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

I believe that it is simply irrational for a litigant to incur $46,548.64 in attorney fees to collect $500, particularly when the mat-

ter could have been resolved many years ago, the delinquent assessments were placed in escrow pending resolution of a routine accounting dispute, and after tender the delinquent assessments plus interest were rejected by Appellee because the $500 attorney fee was not simultaneously offered. I would reverse the trial court and return case to the court to enter an award for reasonable attorney fees considering all pertinent factors in arriving at a just decision. There is no need for an additional hearing.