# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah A. Koch, : 
                Petitioner : 
                : 
         v. : No. 402 C.D. 2018
                : Submitted: July 13, 2018
State Civil Service Commission, : 
(The Housing Authority of : 
Northumberland County), : 
                Respondent : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                **FILED:  December 7, 2018**


        This matter is a petition for review filed by Deborah A. Koch (Koch), *pro se*, appealing a February 16, 2018 adjudication issued by the State Civil Service Commission (Commission) pursuant to the Civil Service Act (Act)[1] in which the Commission ordered the Northumberland County Housing Authority (Authority) to pay Koch $24,254.04.  For the reasons set forth below, we affirm.

        The Commission's February 16, 2018 adjudication was issued to enforce compliance with an adjudication that the Commission had issued on June 11, 2015.  In its June 11, 2015 decision, the Commission determined that Koch did not voluntarily resign from her position with the Authority and ordered that the

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1-741.1005.

Authority "reimburse [Koch] the wages and emoluments which she would have received if she had been employed by the [Authority] from March 31, 2014 to January 10, 2015, less any wages earned and any benefits received by [Koch] under the Public Laws of Pennsylvania." (6/11/15 Commission Adjudication and Order at 11-12, Supplemental Reproduced Record (Supp. R.R.) at 320b-321b.) Both the Authority and Koch appealed the June 11, 2015 adjudication to this Court and those cross-appeals were docketed at Nos. 1142 C.D. 2015 and 1404 C.D. 2015. The Authority contended in its appeal that the Commission erred in ruling that Koch did not voluntarily resign and in awarding her back pay from March 31, 2014 to January 10, 2015. Koch in her appeal asserted, *inter alia*, that the Commission erred in declining to consider claims for discrimination and for recalculation of her wages based on the contention that her position with the Authority was misclassified and she was entitled to be paid at a higher pay grade. (Koch Br. in Nos. 1142 C.D. 2015 and 1404 C.D. 2015 at 15-16, 18-20.) Koch also argued in that appeal that she was entitled to damages for stress and mental anguish and for financial losses beyond her lost wages and emoluments for the March 31, 2014 to January 10, 2015 period. (*Id.* at 16-17, 20-21.) On May 19, 2016, this Court issued a decision rejecting both the Authority's and Koch's arguments and affirming the Commission's June 11, 2015 decision. *Northumberland County Housing Authority v. State Civil Service Commission (Koch) (Koch I)*, (Pa. Cmwlth., Nos. 1142 C.D. 2015 and 1404 C.D. 2015, filed May 19, 2016).

Following this Court's affirmance of the June 11, 2015 decision and the return of the record to the Commission, the Authority did not comply with the Commission's order, and Koch requested that the Commission enforce its June 11, 2015 order. (2/16/18 Commission Adjudication and Order at 3-4 ¶¶7-10, Supp. R.R.

2

at 300b-301b.) The Commission held a compliance hearing on July 31, 2017, and on February 16, 2018, issued an adjudication holding that the Authority "has no legitimate reason to continue its refusal to comply with this Commission's June 11, 2015 Order" and that "the correct amount to fairly and appropriately reimburse Deborah Koch for the wages and emoluments which she would have received if she had been employed by the [Authority] from March 31, 2014 to January 10, 2015, less any wages earned and any benefits received by [her] under the Public Laws of Pennsylvania, is $24,254.04." (*Id.* at 9, 12, Supp. R.R. at 306b, 309b.) The Commission based this calculation on the fact that Koch's gross wages for the March 31, 2014 to January 10, 2015 period were $24,665.65, deducting from that amount the $8,112.00 in unemployment benefits that Koch had received and adding in $7,700.39 in pension contributions, accrued vacation and medical insurance. (*Id.* at 9-11, Supp. R.R. at 306b-308b.) The Commission accordingly ordered the Authority "to pay Deborah Koch the sum of $24,254.04, less any appropriate deductions and/or required payroll withholding." (*Id.* at 12, Supp. R.R. at 309b.) Koch has appealed the February 16, 2018 order to this Court. The Authority did not file any appeal from this order.[2]

---

[2] Our review of a decision of the Commission is limited to determining whether constitutional rights have been violated, whether errors of law have been committed, or whether the findings of the agency are supported by substantial evidence. *Florian v. State Civil Service Commission*, 832 A.2d 1171, 1175-76 n.7 (Pa. Cmwlth. 2003). The Authority has filed an application to quash Koch's appeal. This application is not based on any jurisdictional or other defect in the appeal itself. Rather, the only grounds that it asserts for quashing the appeal are the same arguments that the Authority sets forth in its brief on the merits. Indeed, the motion to quash, filed on the same day as the Authority's brief on the merits, largely consists of verbatim or near verbatim repetition of the Authority's merits brief in numbered paragraphs. While the Authority's argument that Koch's appeal is barred by this Court's decision in *Koch I* is grounds for affirming the Commission's February 16, 2018 order and the Court does not condone Koch's attempts to re-litigate the issues in this case, it does not appear that Koch is the only party prolonging this litigation and seeking to re-litigate issues. Although the Commission found that the Authority "has

3

Before this Court, Koch does not contend that the Commission made any error with respect to her actual salary, the amount of unemployment benefits that she received or the amount of her lost pension, vacation and medical insurance benefits for the period of March 31, 2014 to January 10, 2015. Rather, she argues that the Commission erred in failing to order the Authority to compensate her for emotional distress and financial losses other than lost wages and emoluments for the March 31, 2014 to January 10, 2015 period, and asserts that she has claims against the Authority for discrimination under various statutes and for reclassification of the position that she held with the Authority. All of these arguments fail because they are barred by this Court's decision in *Koch I* and the doctrine of law of the case.

Under the doctrine of law of the case, when an issue has been raised in an appellate court and has been finally decided in a prior appeal, the appellate court should not entertain re-litigation of the issue or revisit that ruling in a subsequent appeal in the case. *Peden v. Gambone Brothers Development Co.*, 798 A.2d 305, 310-11 (Pa. Cmwlth. 2002); *Pope & Talbot, Inc. v. Unemployment Compensation Board of Review*, 719 A.2d 1125, 1130 (Pa. Cmwlth. 1998); *True Railroad Associates, L.P. v. Ames True Temper, Inc.*, 152 A.3d 324, 336-37 (Pa. Super. 2016). Koch raised each of the issues that she argues here in her prior appeal, and this Court

no legitimate reason" for noncompliance with the Commission's order (2/16/18 Commission Adjudication and Order at 9, Supp. R.R. at 306b) and the Authority did not appeal that judgment, it appears that, at least at the time of the briefs in this appeal, the Authority had not yet paid Koch the $24,254.04 that it owes her. (*See* Petitioner's Br. at 55-56.) In addition, the Authority specifically states in its brief that it is continuing to litigate a collateral proceeding that it filed against Koch in the Northumberland County Court of Common Pleas based on an alleged settlement of Koch's claims before the Commission (Respondent's Br. at 20 n.4), even though the Commission held that there was no such settlement in its February 16, 2018 Adjudication and Order and the Authority did not appeal that ruling. (2/16/18 Commission Adjudication and Order at 4 ¶1, 8-9, Supp. R.R. at 301b, 305b-306b.) The Authority's application to quash this appeal is therefore denied.

rejected each of those arguments. In *Koch I*, this Court discussed and explained why Koch's claims for discrimination and for reclassification of her position were properly denied by the Commission. *Koch I*, slip op. at 7-8. In addition, the Court specifically upheld the remedy ordered by the Commission of back pay less wages earned and benefits received for the period March 31, 2014 to January 10, 2015, rejecting both the Authority's arguments and Koch's claims for damages and compensation beyond that remedy. *Id.* at 8-11. Koch has not alleged or shown any exceptional circumstances, such as an intervening change in the controlling law or a substantial change in the facts out of which the litigation arises, that could permit departure from the law of the case doctrine. Her attempts to re-litigate her claims for additional damages and other remedies beyond those awarded by the Commission, her claims of discrimination, and her reclassification claims are therefore barred and these claims cannot constitute grounds for reversal of the Commission's February 16, 2018 adjudication. *Peden*, 798 A.2d at 310-11; *Mountain View Condominium Association v. Bomersbach*, 734 A.2d 468, 471 (Pa. Cmwlth. 1999), *appeal dismissed as improvidently granted*, 768 A.2d 1104 (Pa. 2001); *Pope & Talbot, Inc.*, 719 A.2d at 1130.

Moreover, Koch's contentions that she is entitled to compensation beyond the back pay and benefits awarded by the Commission would fail even if they were considered on the merits. Under Section 952 of the Act,[3] the only

---

[3] Added by the Act of June 26, 1989, 71 P.S. § 741.952. Section 952(c) provides:

> (c) In the case of any employe removed, furloughed, suspended, or demoted, the commission may modify or set aside the action of the appointing authority. Where appropriate, the commission may order reinstatement, with the payment of so much of the salary or wages lost, including employe benefits, as the commission may in its discretion award.

71 P.S. § 741.952(c).

5

monetary relief that the Commission can award is back pay and lost employee benefits. 71 P.S. § 741.952(c); *Szablowski v. State Civil Service Commission (Pennsylvania Liquor Control Board)*, 111 A.3d 256, 267 n.13 (Pa. Cmwlth. 2015); *Florian v. State Civil Service Commission*, 832 A.2d 1171, 1178 (Pa. Cmwlth. 2003); *Elias v. Department of Public Welfare, Polk Center*, 511 A.2d 887, 893 (Pa. Cmwlth. 1986). The Commission therefore did not err in limiting its remedy to back pay and benefits for the March 31, 2014 to January 10, 2015 period.

Koch also argues that the Commission erred in requiring her to make "repayment" of the unemployment compensation benefits that she received. (Petitioner's Br. at 27, 32, 49-50.) Contrary to Koch's assertion, however, the Commission did not order her to repay any unemployment benefits or repay any amount to anyone. Rather, the Commission reduced the amount that the Authority is required to pay her by offsetting the unemployment compensation that she received. (2/16/18 Commission Adjudication and Order at 9-12, Supp. R.R. at 306b-309b.) To the extent that Koch in this argument is challenging this offset of her unemployment benefits in calculating the back pay that the Authority owes, it fails for the same reasons as her other arguments. The Commission ruled in its June 11, 2015 decision that "any benefits received by [Koch] under the Public Laws of Pennsylvania" for the March 31, 2014 to January 10, 2015 period would be deducted in calculating the back pay that the Authority owed her. (6/11/15 Commission Adjudication and Order at 12, Supp. R.R. at 321b.) In her appeal of that decision, Koch asserted the same arguments concerning unemployment benefits that she makes here. (Koch Br. in Nos. 1142 C.D. 2015 and 1404 C.D. 2015 at 18.) This Court in affirming the remedy ordered by the Commission necessarily rejected Koch's argument concerning deduction of unemployment benefits. We are therefore

6

barred by the doctrine of law of the case from considering that issue here. *Peden*, 798 A.2d at 310-11; *Mountain View Condominium Association*, 734 A.2d at 471; *Pope & Talbot, Inc.*, 719 A.2d at 1130. In any event, the Commission's deduction of unemployment benefits was proper. The law is clear that income or funds received by the removed employee as a result of the improper removal must be offset against the income from the civil service position in calculating a back pay award. *Elias*, 511 A.2d at 893.

Accordingly, we affirm the February 16, 2018 Commission order.


_____
**JAMES GARDNER COLINS, Senior Judge**


Judge Fizzano Cannon did not participate in the decision in this case.

7

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Deborah A. Koch,            :
          Petitioner       :
                             :
        v.               :    No. 402 C.D. 2018
                             :
State Civil Service Commission,    :
(The Housing Authority of       :
Northumberland County),        :
          Respondent    :

**O R D E R**

AND NOW, this 7th day of December, 2018, the order of the State Civil Service Commission in the above-captioned matter is AFFIRMED. The application of Respondent Northumberland County Housing Authority to quash the appeal is DENIED.

_____
**JAMES GARDNER COLINS, Senior Judge**