# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Castellano, : 
               Appellant : 
  : 
          v. :   No. 231 C.D. 2023
  :   Argued: June 3, 2025
Pennell Place Home Owners : 
Association : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: July 10, 2025

Daniel Castellano (Castellano) appeals from an Order of the Court of Common Pleas of Delaware County (trial court), which dismissed his "Supplemental Motion for Enforcement of Consent Order Dated May 31, 2016" (Supplemental Motion) on the basis it was moot and granted, in part, his "Motion to Assess Counsel Fees and Expenses Pursuant to th[e T]rial Court's Order of May 10, 2022" (Motion for Fees) by awarding only $5,000 in attorney's fees and costs. On appeal, Castellano argues the trial court erred in dismissing the Supplemental Motion as moot and abused its discretion in arbitrarily choosing $5,000 for the amount of attorney's fees and costs. Upon review, we affirm.

# I. BACKGROUND

This matter originated more than a decade ago with a request by Castellano to inspect certain records of Pennell Place Home Owners Association (HOA). Castellano owns a property in Pennell Place, a planned community in Middletown Township, Delaware County, and is a member of the HOA. The bylaws provide members with the right "to examine, in person by agent or attorney, during the usual hours for business for any proper purposes, the Membership register, books and records of account, and records of the proceedings of the Members and Directors and to make copies or abstracts therefrom." (Reproduced Record (R.R.) at 28a.) In addition, Section 5316(a) of the Uniform Planned Community Act provides, in pertinent part, that "[a]ll financial and other records shall be made reasonably available for examination by any unit owner and authorized agents." 68 Pa.C.S. § 5316(a).

In November 2014, Castellano requested to inspect the HOA's financial records from January 2008 through present. Castellano advised an accountant would review the records "to find out the details of what is going on financially in the [HOA] and to determine whether or not it is being properly and reasonably managed." (R.R. at 29a.) When all the requested records were not produced, Castellano initiated this civil action in the trial court by filing a Complaint in January 2015. (Original Record (O.R.) Item 1.)

On May 31, 2016, the parties stipulated the above facts, which the trial court memorialized in an order (Consent Order).[1] Therein, the HOA agreed that Castellano has a legal right to the documents and agreed to produce them for inspection within 30 days.

---

[1] A copy of the Consent Order appears in the Reproduced Record beginning at page 28a.

In September 2016, after not obtaining access to all the documents, Castellano filed a "Motion for Enforcement of Consent Order Dated May 31, 2016 and for Finding of Civil Contempt" (First Motion). (O.R. Item 13.) At a hearing on the First Motion, Castellano indicated he wanted to depose certain members of the HOA's Board of Directors (Board).[2] The HOA indicated many of the records did not exist or could not be found, primarily due to changes in the Board's composition. However, the HOA brought numerous documents to the hearing it did locate for Castellano to inspect. As a result, the trial court held the hearing in abeyance to see what could be resolved. (R.R. at 73a-74a.) Castellano ultimately deposed four Board members and the HOA's accountant.[3]

On November 1, 2021, Castellano filed the Supplemental Motion, seeking compliance with the Consent Order.[4] Therein, Castellano set forth, in detail, the history of this case and his attempts to obtain full access to the documents. Castellano acknowledged some documents were produced. He also alleged some of those documents were just "thrown" in a box, rendering their effective review difficult, and that a password was not provided to an electronic QuickBooks file, making it impossible to access. To the Supplemental Motion, Castellano appended correspondence with the HOA related to the documents. (Supplemental Motion, Exs. C-I, R.R. at 32a-41a.) He averred the HOA "failed to make a good faith effort to obtain the records, continued to thumb its nose at the authority of the [trial c]ourt and the Consent Order[,] and forced [Castellano] to continue to incur legal expense

---

[2] A transcript of the November 14, 2016 proceeding appears in the Reproduced Record beginning at page 42a.

[3] The deposition transcripts appear on pages 109a-16a, 117a-21a, 125a-33a, 134a-38a, and 165a-172a of the Reproduced Record.

[4] The Supplemental Motion and its related exhibits appear in the Reproduced Record beginning at page 5a.

3

and to resort to judicial relief" to obtain the remaining records. (Supplemental Motion ¶ 74, R.R. at 23a.) Castellano asked that the trial court find the HOA in contempt and enter an order directing compliance with the Consent Order within 10 days and reimbursement of attorney's fees that were incurred in enforcing the Consent Order.

The HOA filed an answer, denying the material allegations, reasserting its efforts to gather the documents were thwarted by different boards with different recordkeeping practices, and contending it substantially complied with the requests.[5]

Argument on the Supplemental Motion was held on March 18, 2022.[6] At that time, Castellano stated he still needed a password to access a QuickBooks file and the contents of the box previously presented but in an organized fashion.[7] (R.R. at 230a-31a.)

On May 10, 2022, the trial court issued an order dismissing the Supplemental Motion as moot and granting Castellano attorney's fees and costs in the amount of $750.[8] Thereafter, on May 13, 2022, Castellano filed the Motion for Fees,[9] which included an itemization of attorney's fees and costs purportedly incurred in his efforts to obtain compliance with the Consent Order. Specifically, Castellano sought $34,085 in attorney's fees and $757.80 in costs. The HOA filed an Answer asserting the trial court already awarded $750.[10]

---

[5] The HOA's answer to the Supplemental Motion appears in the Reproduced Record beginning at page 178a.

[6] The transcript from the March 18, 2022 proceeding appears in the Reproduced Record beginning at page 210a.

[7] The password has since been provided, leaving only the organization of the box contents in dispute.

[8] The May 10, 2022 Order appears in the Reproduced Record beginning at page 263a.

[9] The Motion for Fees appears in the Reproduced Record beginning at page 260a.

[10] The HOA's answer appears in the Reproduced Record beginning at page 273a.

On June 8, 2022, the trial court vacated its May 10, 2022 order and scheduled argument/hearing on the Motion for Fees.[11] (R.R. at 276a.) At the August 25, 2022 proceeding, the trial court explained it previously dismissed the contempt portion of the Supplemental Motion as moot because it was under the belief that all documents were produced. (*Id.* at 283a-84a.) Castellano responded that, even if all documents were produced, the trial court could find the HOA in contempt and order attorney's fees as a sanction. Castellano requested the vacated order be rephrased to clearly indicate a finding of contempt. (*Id.* at 284a.) Castellano submitted an affidavit reflecting updated legal expenses totaling $35,747.50. He also clarified he was not seeking attorney's fees under any statute but under civil contempt principles. The HOA argued there was no bad faith or intent to violate the Consent Order, and it challenged certain entries as being unrelated to the present litigation. (*Id.* at 291a, 294a-97a.) Castellano conceded, upon review, that some of the line items were not related to this particular matter but other matters involving the HOA and/or its directors and submitted an amended affidavit seeking $30,491.50 in legal expenses. (*Id.* at 301a, 307a-17a.)

On September 19, 2022, the trial court issued its Order, dismissing the Supplemental Motion as moot based upon the HOA's compliance and granting the Motion for Fees in part. The trial court stated it reviewed the record and found "a portion" of Castellano's First Motion and Supplemental Motion was "necessary to obtain compliance with the" Consent Order. (Order at 1.) However, the trial court continued, a "review of the depositions of various [] Board members discovered an

---

[11] It is not clear from a review of the record as to what transpired from the issuance of the May 10, 2022 order and the trial court's subsequent vacation of that order. During the subsequent hearing/argument on the Motion for Fees, there was discussion of phone calls and/or emails between the parties and the trial court.

attempt and intent to produce requested documents. Unfortunately, [the HOA]'s book and record keeping mechanism failed to meet [Castellano]'s expectations and demands." (*Id.* at 1-2.) Citing *Mrozek v. James*, 780 A.2d 670 (Pa. Super. 2001), the trial court found that $5,000 was a "reasonable award of attorney['s] fees and costs . . . due to [the HOA's] delay in compliance." (*Id.* at 2.)

Castellano filed a timely notice of appeal.[12] In its Opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion or Op.), the trial court outlined the procedural history of this matter, over which it presided since the filing of the Complaint. Upon review of the record, the trial court found the HOA attempted to timely produce the requested documents and gave some examples of those efforts. (Rule 1925(a) Op. at 4.) The trial court stated "[t]he record established good faith efforts but poor organization and communication by" the HOA and that the award of $5,000 for attorney's fees and costs "was reasonable for the issues presented and the untimely compliance." (*Id.* at 5.)

## II. PARTIES' ARGUMENTS

Castellano raises two arguments on appeal: (1) whether the trial court erred in dismissing the Supplemental Motion as moot; and (2) whether the trial court abused its discretion in awarding just $5,000 in attorney's fees and costs, which Castellano claims bear no relation to the actual amount expended.

Related to mootness, Castellano argues the issue as to compliance with producing bills from 2008 to May 31, 2016, remains pending. Specifically, Castellano claims the HOA is withholding a box of bills and invoices. Although

---

[12] This appeal was originally filed with the Superior Court, which granted Castellano's application to transfer it to this Court by order dated January 11, 2023.

Castellano acknowledges he had "a brief time to look at the box" in June 2016, he maintains his review of the records contained therein was hampered because the contents were "haphazardly tossed" into the box. (Castellano's Brief (Br.) at 33.) Castellano asserts that "[t]he [Consent] Order allows full access during business hours. It doesn't limit Castellano to a single brief inspection." (*Id.*) However, since that initial review, Castellano asserts the HOA has refused his requests to see them again. Because the Consent Order is still in effect, Castellano argues he "has the ongoing right to full access to the bills (and all other covered records) for inspection and copying." (*Id.* at 34.) Castellano further argues the trial court seemingly recognized that access to the bills is the only way to verify the accuracy of the HOA's expenses, which were not produced until long after the brief inspection of the bills in 2016. For this reason, he asked that the trial court's Order dismissing the Supplemental Motion as moot be reversed.

Next, Castellano contends the trial court abused its discretion in arbitrarily awarding $5,000 in attorney's fees and costs, which bears no relation to the actual legal expenses incurred. Even after the HOA purportedly agreed that Castellano had a right to the documents, Castellano states he had to endure a "tortured, tooth-pulling process . . . , punctuated by repeated misrepresentations, obfuscations, gas lighting, and willful failures to simply respond." (*Id.* at 36.) Castellano argues he submitted detailed billing totaling more than $30,000 in attorney's fees and costs incurred in trying to obtain the records, but the trial court only awarded $5,000 without any explanation as to how it arrived at this amount. Had the HOA simply complied with the Consent Order, Castellano asserts he would not have had to spend $30,000. Castellano argues his statutory and contractual rights, and his right to compliance with the Consent Order, should not be downplayed in favor of a smaller attorney's

7

fee award. He asserts this Court has upheld large sums of attorney's fees when a homeowners' association has sued one of its owners for nonpayment of a nominal amount of late assessments, so the Court should do the same in this case, despite the roles being reversed.

The HOA responds that the trial court carefully reviewed the record and determined that the HOA complied with its obligations albeit not as efficiently as Castellano would have preferred. The only thing that was outstanding was a box of documents that had previously been produced. Therefore, the HOA argues the trial court did not err in dismissing the Supplemental Motion as moot.

The HOA also argues the trial court did not abuse its discretion in awarding $5,000 in attorney's fees and costs. It explains that the trial court reviewed the record and determined Castellano had to take certain actions to obtain compliance with the Consent Order and determined that $5,000 was appropriate to reimburse him for those actions.

## III. DISCUSSION

### A. *Mootness*

We begin with whether the trial court erred in dismissing the Supplemental Motion as moot based on the HOA's compliance with the Consent Order.

"As a general rule, courts will not decide moot cases." *Costa v. Cortes*, 142 A.3d 1004, 1016 (Pa. Cmwlth. 2016). That is because courts "do not render decisions in the abstract or offer purely advisory opinions." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005). Stated differently, courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Mistich v. Pa. Bd. of Prob.*

8

*& Parole*, 863 A.2d 116, 121 (Pa. Cmwlth. 2004) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)). To avoid mootness, "an actual case or controversy must be extant at all stages of review." *Pap's A.M. v. City of Erie*, 812 A.2d 591, 600 (Pa. 2002) (quoting *In re Cain*, 590 A.2d 291, 292 (Pa. 1991)). "[A] legal question can become moot" based on "an intervening change in the facts of the case." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). "[T]he critical inquiry . . . is whether the court's decision could, in substance, accord the injured party relief." *Toland v. Pa. Bd. of Prob. & Parole*, 311 A.3d 649, 658 (Pa. Cmwlth. 2024).

Here, the trial court determined the Supplemental Motion seeking enforcement of the Consent Order was moot because the HOA already provided access to the requested documents. Castellano contends the Supplemental Motion is not moot because he has not been provided meaningful access to bills that were requested because, although a box of bills was previously produced, they were not in any organized manner. He also contends that because the Consent Order is still in full force and effect, he has an ongoing right to access the documents, notwithstanding whether they were previously produced.

The Consent Order provides, in pertinent part, that the HOA "make available for inspection . . . [a]ll bills." (R.R. at 29a-30a). It does not specify that the documents must be produced in any particular manner, or, more specifically, organized in some fashion. Here, the trial court found, and **Castellano does not dispute**, that the box of bills was previously provided for inspection. The fact that the documents were not presented in a way that Castellano would have preferred does not mean that the HOA has not fulfilled its obligation to produce them.[13]

---

[13] Castellano also argues there is not substantial evidence to support the trial court's finding that the Supplemental Motion is moot, but this overlooks that he does not dispute the box of **(Footnote continued on next page…)**

In summary, we discern no error by the trial court in determining the Supplemental Motion was moot.[14]

### B. Attorney's fees

Next, Castellano argues the trial court abused its discretion by awarding only $5,000 of the $30,000 requested for attorney's fees and costs associated with obtaining compliance with the Consent Order.

"Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making a fee award." *Arches Condo. Ass'n v. Robinson*, 131 A.3d 122, 131 (Pa. Cmwlth. 2015) (quoting *The Ridings at Whitpain Homeowners' Ass'n v. Schiller*, 811 A.2d 1111, 1116 (Pa. Cmwlth. 2002)) (alteration and emphasis omitted); *see also In re LaRocca's Tr. Est.*, 246 A.2d 337, 340 (Pa. 1968) (holding the award of attorney's fees is "peculiarly within the discretion of the court of first instance"). In *Arches Condominium*, we explained that

> precedent indicates that, as long as the trial court reviews the record and considers factors such as the nature and length of the litigation, the responsibilities of the parties affecting the nature and length of the litigation, and the competitiveness of the rate and time expended, it is difficult for an appellate court to hold that a trial court abused its discretion in issuing a particular award of attorney's fees.

131 A.3d at 132-33.

documents was previously provided in 2016. Instead, his argument appears to be based on the contents of the box not being organized. However, as explained above, this does not mean there was noncompliance.

[14] In addition to seeking enforcement of the Consent Order, the Supplemental Motion sought a finding of civil contempt by the HOA and the award of legal fees and costs. Although the trial court said it was dismissing the Supplemental Motion as moot, it essentially dismissed the enforcement portion of the Supplemental Motion as moot because there was nothing remaining to be produced.

Castellano relies upon *Centennial Station Condominium Association v. Schaefer Company Builders, Inc.*, 800 A.2d 379, 386 (Pa. Cmwlth. 2002), for the proposition that a trial court abuses its discretion if it arbitrarily chooses "a figure unrelated to the actual expenses involved." There, without taking evidence, the trial court awarded a flat fee of $10,000 for attorney's fees to an association who brought suit against a developer to collect condominium fees. *Id.* The association argued under the Uniform Condominium Act, 68 Pa.C.S. §§ 3101-3414, and the declaration of condominium, it was entitled to recover its costs and attorney's fees in full. *Id.* We agreed, stating the statute and declaration both provided for full, reasonable costs and remanded for the trial court to take evidence as to the costs incurred. *Id.*

*Centennial Station*, however, is inapposite for a couple reasons. First, unlike in *Centennial Station*, Castellano admits he is not relying on any statutory provision that provides he is **entitled** to recover **all** his expenses. (R.R. at 290a, 298a-99a.) Rather, he relies on caselaw, specifically, the Superior Court case *Mrozek*, for the proposition that a party **may** recover expenses associated with obtaining compliance with a court order, *i.e.*, as a sanction for contempt. Second, the trial court, which had presided over this matter since its inception and was aware of the parties' mutual animosity towards one another, did accept evidence and, upon review of the record, determined $5,000 was an appropriate sum. Moreover, contrary to Castellano's assertions, the trial court did provide some reasoning for its determination. (Rule 1925(a) Op. at 4-5.) While "a trial court must explain its reasoning so that this Court can conduct meaningful appellate review," it "is not required 'to delineate with specificity . . . every reason for every disallowance of every aspect of the fee request.'" *Township of Millcreek v. Angela Cres Tr. of June 25, 1998*, 222 A.3d 1199, 1206-07 (Pa. Cmwlth. 2019) (quoting *In re Appeal of Silverman*, 90 A.3d 771,

11

785 (Pa. Cmwlth. 2014)); *see also id.* at 1208 ("This Court will not interfere with a fee award that is based on all the circumstances of a case, even if the trial court does not explain exactly how it calculated an award.") (internal quotation marks omitted).

Castellano takes issue with the trial court's decision for a number of reasons. First, Castellano argues the trial court's findings are not supported by substantial evidence. For instance, he argues the trial court's finding that the Board's composition changed is not supported, but the Board members who were deposed testified that there were different people on the Board and that they held various positions sometimes. (*See, e.g.*, R.R. at 110a, 116a, 118a, 120a, 126a, 135a.) In addition, while the trial court found the HOA attempted to comply, Castellano contends the record is replete with evidence to support the opposite conclusion. The trial court indicated it reached its finding that the HOA tried to comply but was hampered by poor record keeping based on its review of the record, including the depositions of the Board members. While the trial court did not specify what testimony, upon our review of the transcripts, there is substantial evidence to support these findings. For example, the President of the HOA testified that each Board member "keeps their own papers," so there is no centralized record keeping system, which made gathering the documents difficult. (*Id.* at 111a, 113a.) The Treasurer corroborated this testimony, stating when she was elected Treasurer, she did not receive prior records from anyone. (*Id.* at 127a.) The Secretary also testified some of the minutes were kept in copybooks, while others were just on paper and some were typed where others were just handwritten. (*Id.* at 119a.)

While Castellano points to contrary evidence or interprets the Board member's testimony differently, that is not the test for substantial evidence. "Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Obimak Enter. v. Dep't of Health*, 200 A.3d 119, 126 (Pa. Cmwlth. 2018) (citation omitted). "For purposes of appellate review, it is irrelevant whether there is evidence to support contrary findings; if substantial evidence supports the [fact-finder]'s necessary findings, those findings will not be disturbed on appeal." *Id.* (alteration in original; citation omitted). "When performing a substantial evidence analysis, this Court must view the evidence in the light most favorable to the party who prevailed before the fact-finder," including any reasonable inferences therefrom. *Id.* (citation and internal quotation marks omitted). Finally, weight of the evidence and credibility are solely within the province of the fact-finder, here, the trial court. *Id.*

Castellano also argues the HOA's efforts to comply are irrelevant. We disagree. The Supreme Court has held that "a showing of noncompliance with a court order in itself is not sufficient to prove contempt."[15] *Dep't of Env't Res. v. Pa. Power Co.*, 337 A.2d 823, 829 (Pa. 1975). It further stated that "[i]f it is demonstrated that an alleged contemnor is unable to perform (in contrast to willfully disobeying) and has in good faith attempted to comply with a court order (in contra[s]t to having shown disrespect), the purposes for punishing noncompliance are eliminated." *Id.* Here, the trial court found that the HOA did not have the ability to comply, at least in a timely manner, because of its poor record keeping.

Next, Castellano argues the HOA agreed to the terms of the Consent Order and cannot subsequently claim it could not comply with what it agreed to provide.

---

[15] A finding of contempt, of course, is a prerequisite to the imposition of any sanction. Here, although Castellano requested the trial court to expressly find contempt, (R.R. at 284a), notably, the trial court did not do so in its Order, although it did award some attorney's fees and costs. The HOA did not file a cross-appeal from the trial court's Order, so we need not address the propriety of the attorney's fees and costs award without a finding of contempt on the HOA's part.

However, in *Hidden Ridge Condominium Association, Inc. v. Sabatino* (Pa. Super., Nos. 1272, 1307, 1642, 1692 WDA 2018, filed October 1, 2019),[16] cross appeals were filed by a condominium association and a construction company related to an order finding the construction company in contempt and imposing sanctions. The parties previously entered into a settlement agreement whereby the construction company agreed to complete stormwater detention facilities and dedicate those to the municipality by a certain date. Slip op. at 4-5. When the promised work was not completed, the condominium association filed a petition seeking to enforce the settlement agreement, which the trial court granted. *Id.* at 5. When the construction company still did not comply, this time with the trial court's order, the condominium association sought sanctions. *Id.* The trial court found the construction company in contempt and subsequently imposed a monetary sanction. *Id.* at 6. Although the trial court recognized it was impossible for the construction company to comply with the settlement agreement or court's order, because the municipality had an ordinance prohibiting dedication, the trial court reasoned the construction company should have conducted "greater research" prior to agreeing to something it could not do and thus, the sanction was appropriate. *Id.* Among the issues raised on appeal was whether the trial court erred or abused its discretion in finding the construction company was in contempt when compliance was not possible. *Id.* at 8. The Superior Court held it had. *Id.* at 9. The Superior Court explained that before a court could impose a sanction for civil contempt, there had to be a finding that the contemnor could comply with the order. *Id.* at 9-10. It further explained that the moving party had to show the contemnor had notice of the order, the act constituting the violation

_____

[16] Non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b).

14

was volitional, and that there was wrongful intent. *Id.* at 10. Because the trial court did not credit evidence that the construction company acted willfully or with wrongful intent, coupled with the finding that compliance was impossible, the Superior Court concluded the trial court abused its discretion in imposing sanctions. *Id.* at 13. We find this reasoning persuasive. Because, here, after reviewing the record evidence, the trial court found, as trier of fact, that the HOA attempted to comply with the Consent Order but was stymied by lackluster recordkeeping, the trial court essentially found the HOA could not perform.

Notwithstanding that the trial court did not make an express finding of contempt, the trial court recognized Castellano was required to take certain steps to obtain compliance with the Consent Order and awarded him some attorney's fees to compensate him for those steps. While Castellano seems to suggest he should be entitled to all attorney's fees incurred, there is no requirement that the trial court impose **any** sanction even when it finds contempt. *See Franklin Township v. Vile* (Pa. Cmwlth., No. 830 C.D. 2008, filed Feb. 13, 2009), slip op. at 7 ("[O]ur research failed to discover[] any law requiring a court to impose sanctions concomitantly with an order of civil contempt.");[17] *see also Township of Millcreek*, 222 A.3d at 1199 (affirming a trial court award of just 10% of the attorney's fees sought in a condemnation action). Rather, "[a] trial court's broad discretion regarding civil contempt necessarily includes the discretion to withhold punishment which is more punitive than coercive." *Franklin Township*, slip op. at 7.

Here, the trial court acted within its discretion when it awarded only part of Castellano's requested attorney's fees and costs.

---

[17] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

15

## IV. CONCLUSION

Based on the foregoing, we affirm the trial court's Order.

_____
RENÉE COHN JUBELIRER, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

16

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Daniel Castellano,                  :
           Appellant      :
                                    :
           v.                 :    No. 231 C.D. 2023
                                    :
Pennell Place Home Owners      :
Association                         :

## **O R D E R**

**NOW**, July 10, 2025, the Order of the Court of Common Pleas of Delaware County, entered in the above-captioned matter, is **AFFIRMED**.

 

_____

**RENÉE COHN JUBELIRER,** President Judge